IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MARY F. BELL,<br><br>  Plaintiff,<br><br>  v.<br><br>LOUIS DEJOY, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE,<br><br>  Defendant. | Case No. 3:22-cv-50404<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Mary Bell, proceeding *pro se*, brings a one-count complaint against the Postmaster General of the United States Postal Service Louis DeJoy, in his official capacity, alleging that the United States Postal Office discriminated and retaliated against Ms. Bell because of her "race, color, and gender" in violation of Title VII of the Civil Rights Act of 1964. Dkt. 1, at ¶¶ 14–15. The USPS moves to dismiss her complaint. Dkts. 9, 10. At a minimum, because Ms. Bell has not exhausted her administrative remedies, her complaint is dismissed without prejudice.

**ALLEGATIONS**

Following a dispute over overtime opportunities and pay, Ms. Bell, a Maintenance Operations Support Manager for the USPS, alleges that she and the USPS entered into a settlement agreement to resolve her complaints of "continued discrimination, equal pay[,] and retaliation." Dkt. 1, at ¶¶ 3, 4. Ms. Bell alleges that the USPS failed to abide by the terms of their settlement agreement. *Id.* at ¶ 3.

1

In July 2022, Ms. Bell filed a complaint with the USPS EEO: 1F-341-0327-22. Dkt. 1, at 14–17. Her complaint alleged that the USPS discriminated against her when USPS management stated that they would not comply with the settlement agreement to: (1) approve backpay; and (2), approve a "downgrade." *Id.* at 14.

In its Partial Acceptance/Partial Dismissal of Formal EEO Complaint, the USPS EEO dismissed her allegation concerning backpay. *Id.* at 14–17.[1] In doing so, the USPS EEO explained that Ms. Bell had previously filed an "identical" claim in a prior USPS EEO Complaint, IF-341-0122-22. *Id.* at 16. In the 0122 matter, the USPS EEO gave Ms. Bell her "Notice of Right to File Individual Complaint of Discrimination." *Id.* Ms. Bell failed to file an Individual Complaint, and because of Ms. Bell's inaction, the USPS EEO dismissed the 0122 matter. *Id.* The USPS EEO explained that "[o]nce a complainant has elected not to file a formal complaint, the complainant may not reactivate the EEO process by raising the same issue(s) in a later complaint." *Id.* (collecting Office of Federal Operations authority). *Id.*

With respect to Ms. Bell's second allegation, the USPS EEO accepted for investigation Ms. Bell's claim concerning the failure to approve a "downgrade." *Id.* at 14. The USPS EEO instructed Ms. Bell to "be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future." *Id.* at 15. Ms. Moore provides no further detail as to whether, and to what extent, an investigation took place. *See* Dkt. 1.

---

[1] Ms. Bell attached several exhibits to her complaint. These exhibits may be considered in ruling on the motion to dismiss. *Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998); Fed. R. Civ. P. 10(c).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires only that a plaintiff's complaint contain a short and plain statement establishing the basis for the claim and the Court's jurisdiction, as well as prayer for the relief sought. Fed. R. Civ. P. 8(a). According to the Supreme Court, this means that the complaint's factual assertions, rather than any legal conclusions, must raise the plausible inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Reasonable inferences are drawn in favor of the plaintiff. *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016). The defendant, as the moving party, bears the burden of establishing that the complaint's allegations, taken as true, are insufficient. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

At the pleading stage, a plaintiff need not anticipate or overcome an affirmative defense, such as exhaustion. *See O'Gorman v. Chi.*, 777 F.3d 885, 889 (7th Cir. 2015). However, if a plaintiff includes allegations "that show he isn't entitled to judgment, he is out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). This includes information contained in exhibits attached to the complaint. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

## ANALYSIS

In enacting Title VII, Congress sought to "assure equality of employment opportunities by eliminating those practices and devices that discriminate on the basis of race, color, religion, sex, or national origin." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974). Congress elected "[c]ooperation and voluntary compliance" as

3

the "preferred means for achieving this goal." *Id*. To promote Congress' goal, it established the Equal Employment Opportunity Commission, and "established a procedure whereby . . . the Commission[] would have an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party was permitted to file a lawsuit." *Id*. This procedure, colloquially known as exhaustion, "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute" through Congress' preferred means, "and of giving the employe[r] some warning of the conduct about which the employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (internal citations omitted).

With those principles in mind, the Court first addresses Ms. Bell's backpay claim. Ms. Bell latches on to a short paragraph at the very bottom of the USPS EEO Partial Acceptance/Partial Dismissal of Formal EEO Complaint captioned "Right to file a civil action," informing her that instead of appealing the dismissal to the EEOC, she can file a suit in an appropriate federal court. *Id*. at 17. Ms. Bell argues that this paragraph is her ticket to federal court.

Not so fast. "When an agency doesn't reach the merits of a complaint because of the complainant's failure to prosecute . . . a district court should not bypass the administrative process and reach the merits." *Gagnon v. Potter*, No. 3:05-CV-324RM, 2006 U.S. Dist. LEXIS 54048, at *12 (N.D. Ind. Jul. 19, 2006); *see Wilson v. Pena*, 79 F.3d 154, 164–65 (D.C. Cir. 1996) ("[e]ven though the dismissal is 'final action,' which would normally trigger the right to sue . . ., [a] suit will be barred for failure to exhaust administrative remedies . . . [i]f a complainant forces an agency to dismiss or cancel

4

the complaint by failing to provide sufficient information to enable the agency to investigate the claim . . . ."); *Davis v. Potter*, 301 F. Supp. 2d 850, 859 (N.D. Ill. 2004) ("If an employee forces an agency to dismiss or cancel a complaint by refusing to provide the information necessary for the agency to address the claim, he may not file a judicial suit."). Allowing Ms. Bell to proceed in federal court would endorse an end-run around exhaustion. Any plaintiff could file a claim, fail to pursue it, file an identical claim, and then, when the subsequent claim is dismissed for being identical, end up in federal court. A district court should not "reward a party who obstructed" the exhaustion process. *Gagnon*, 2006 U.S. Dist. LEXIS 54048, at *12.

As for Ms. Bell's claim concerning the "downgrade," she pleads that she exhausted her claim, and points to the Partial Acceptance/Partial Dismissal of Formal EEO Complaint. *See* Dkt.1, at 2–3, 14–17. The form she references simply states that this allegation has been accepted for investigation. *Id.* at 14. A court need not ignore allegations that undermine the plaintiff's claims. *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993). Obviously, accepting a claim for investigation is not a "final action," triggering the right to sue. *See Wilson*, 79 F.3d at 164; *Ujoh v. Potter*, No. 09-cv-343-JPG, 2009 U.S. Dist. LEXIS 115351, at *3 (S.D. Ill. Dec. 10, 2009).

So, because Ms. Bell has not yet exhausted her administrative remedies as to either claim, her complaint is dismissed without prejudice.

5

## CONCLUSION

For the foregoing reasons, the Court grants the Motion to Dismiss [9] and Ms. Bell's complaint is dismissed without prejudice. The Court recognizes that Ms. Bell is proceeding *pro se* and grants her leave to amend consistent with this Memorandum Opinion and Order. Ms. Bell may file an amended complaint by June 2, 2023. But before she does so, Ms. Bell should give serious consideration to the other arguments the USPS made in its motion. Dkt. 10. If no amended complaint is filed by that time, the dismissals shall convert to dismissals with prejudice.

Date:  May 3, 2023

_____
Honorable Iain D. Johnston
United States District Judge