UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Mary F. Bell,<br><br>    Plaintiff,<br><br>    v.<br><br>Louis DeJoy, Postmaster General of the United States Postal Service<br><br>    Defendants. | Case No. 3:22-cv-50404<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Mary F. Bell brings this action against Louis DeJoy in his official capacity as the Postmaster General. She alleges that the United States Postal Service (USPS) discriminated against her on account of her "race, color, and gender" and retaliated against her, both in violation of Title VII of the Civil Rights Act of 1964. Dkt. 25 ¶¶ 14–15. DeJoy moves to dismiss the complaint; for the following reasons, the motion is granted.

**I. Background**

Following a dispute over overtime opportunities and pay, Mary F. Bell, a USPS employee, alleges that she entered into a settlement agreement to resolve her complaints of "continued discrimination, equal pay[,] and retaliation" that USPS has failed to honor. Dkt. 25 ¶¶ 3, 4.

On July 30, 2022, Bell filed a complaint with the USPS EEO: 1F-341-0327-22. Dkt. 25, Ex. 1 at 15–18. Her complaint alleges that she was discriminated against when USPS management told her that they would not comply with the

1

settlement agreement to approve: (1) backpay and (2) a "downgrade." *Id.* at 15. In its "Partial Acceptance/Partial Dismissal of Formal EEO Complaint," the USPS EEO dismissed her allegation concerning backpay. *Id.* at 15–18. It explained that Bell had previously filed an "identical" claim in a prior USPS EEO Complaint, 1F-341-0122-22. *Id.* at 17. In the 0122 matter, the USPS EEO gave her a "Notice of Right to File Individual Complaint of Discrimination." *Id.* Bell failed to file an Individual Complaint, and because of her inaction, the 0122 matter was dismissed. *Id.* The USPS EEO explained that "[o]nce a complainant has elected not to file a formal complaint, the complainant may not reactivate the EEO process by raising the same issue(s) in a later complaint." *Id.* Bell's second allegation, however, was accepted for investigation. *Id.* at 15. She was instructed to "be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future." *Id.* at 16. On these facts, the Court dismissed Bell's first complaint, filed November 11, 2022, for a failure of administrative exhaustion. Dkt. 1; Dkt. 23.

Bell has produced nothing new to show administrative exhaustion in her amended complaint, filed June 2, 2023; the government, however, has produced USPS's "Final Agency Decision" denying Bell's downgrade claim, which was issued January 27, 2023 and received by her on February 3, 2023. *See* Dkt. 25; Dkt. 29, Ex. A.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b) challenges the sufficiency of the plaintiff's complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Under Rule 8, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

**III. Analysis**

    **A. 42 U.S.C. § 1981**

Bell's complaint appears to include a claim under section 1981. The references to this statute mainly appear under sections in the complaint pertaining to the Court's jurisdiction; it may be that she is merely citing it in an attempt to show an additional basis of jurisdiction for her Title VII claim, dealing as it does with the enforcement of contracts.[1] In any event, however, only actions taken under

---

[1] Of course, any such effort would be superfluous, as the general grant of federal question subject matter jurisdiction in 28 U.S.C. § 1331 is sufficient warrant for a federal district court to hear a Title VII claim. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006).

3

color of state law are actionable under section 1981. *Davis v. U.S. Dep't of Just.*, 204 F.3d 723, 725–26 (7th Cir. 2000). Because Bell is suing the Postmaster General in his official capacity, and any allegedly discriminatory actions were taken by his subordinates in the course of their duties as federal employees, this claim would necessarily allege violations based on actions taken under color of federal law. This claim is therefore dismissed.

### B. 29 C.F.R. § 1614.504

The reference to this regulation—dealing with the procedure to be followed when there is a breach of a settlement agreement for an EEO dispute—may likewise merely be an attempt to assert jurisdiction rather than a claim in its own right. Insofar as it states a claim under the regulation directly, it cannot lie, for regulations of their force cannot create causes of action. *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001).

### C. Title VII claims

If the substance of Bell's Title VII claims is the breach of the alleged settlement agreement, they cannot proceed, because the United States has not surrendered its sovereign immunity for such claims under Title VII. *See Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013). To the extent that the breaches are independent adverse employment actions actionable under Title VII, they cannot proceed because of a failure of administrative exhaustion.

#### 1. Backpay

Bell has added nothing to her amended complaint to show that she has successfully exhausted the backpay claim. Indeed, it remains apparent from her attached exhibits that she has not done so. Thus, for the reasons stated in the Court's first order dismissing her claims, *see* Dkt. 23 at 3–5, this claim is again dismissed.

### 2. Downgrade

Bell's suit was initially filed prematurely; although she now appears to have administratively exhausted her claim related to the downgrade, *see* Dkt. 29, Ex. A, it still may not proceed because it is not timely.

Bell's complaint regarding the downgrade claim was filed with the agency on July 30, 2022, yet this suit was filed November 11, 2022. *See* Dkt. 1. Because she did not receive a right-to-sue letter until February 3, 2023, Dkt. 29, Ex. A, it had yet been 180 days without a decision on her complaint; and she did not appeal the agency's decision to the EEOC—she had not administratively exhausted this claim when she filed suit. *See* 29 C.F.R. § 1614.407. Her complaint therefore had to be dismissed as premature. *Hill v. Potter*, 352 F.3d 1142, 1145–46 (7th Cir. 2003).

After receiving a final agency decision, a complainant has 90 days to file suit in district court. For as long as an agency has not rendered a final decision, a complainant may sue after 180 days from the filing of the complaint. 29 C.F.R. § 1614.407(a)–(b). In this case, 180 days from the submission of Bell's complaint was January 18, 2023—after this date, she was entitled to validly file suit on this claim because the agency had not rendered a final decision on her complaint. This option

5

remained available to her until February 3, 2023, when the agency did eventually render a final decision; then, she was entitled to validly file suit for 90 days—until May 4, 2023. This Court dismissed her original complaint on May 3, 2023, and she did not file an amended complaint until June 2, 2023. Therefore, this claim may not proceed, as it is untimely.

A couple of notes about this conclusion: first, that this Court dismissed her original suit on May 3, 2023—giving her precious little time to refile—is of no moment. The original complaint jumped the gun, so the claims it comprised had to be dismissed. Although she was entitled to *commence* a valid suit after exhaustion, that did not cure the original suit's defective exhaustion. *See Andrews v. Brennan*, No. 18 CV 6821, 2019 WL 13249557, at *3 (N.D. Ill. Sept. 23, 2019); *see also Black v. Sec'y of Health & Hum. Servs.,* 93 F.3d 781, 790 (Fed. Cir. 1996) ("If the statute in question contains, for example, an express prohibition against filing a complaint before the expiration of a statutory waiting period, it would defeat the purpose of the statutory prohibition to permit a plaintiff to ignore the waiting period, file his complaint during the prohibited period, and then seek to cure the defect by filing a supplemental pleading alleging that the waiting period expired during the pendency of the action.").

The fault for this sequence of events lies only with Bell. Even though she was in possession of a genuine right-to-sue letter, she failed to present it to the Court at any point in this litigation; indeed, it was the government that introduced it to the

6

record.[2] Had she done so, the Court could have advised her when the original complaint was dismissed that a timely suit had to come within 90 days of her receipt of the notice—but because she only attached a letter informing her that her complaint had been accepted for investigation, her timeliness problem did not become clear until it was too late.

Second, Bell does not argue that equitable tolling or any other doctrine excuses her failure to file a timely suit, so any such argument is forfeited—to the extent it had any validity.[3] She fails to make any such argument, it seems, because she still maintains that the letter of August 16, 2022, is her ticket to federal court, *see* Dkt. 24 at 10; but as was explained in the order dismissing her initial complaint, this is simply incorrect. *See* Dkt. 23 at 4-5.

This claim is dismissed without prejudice.

### IV. Conclusion

For the foregoing reasons, all of Bell's claims are dismissed without prejudice.

Date: January 23, 2023

_____
Honorable Iain D. Johnston
United States District Judge

---

[2] It is proper for the Court to consider the right-to-sue letter even though the government introduced it. Bell referred in her complaint—mistakenly—to the letter dated August 16, 2022, from the USPS EEO as the agency's final decision on her complaints, Dkt. 25 at 3; the government was thus entitled to submit the proper document to the Court consistent with Rule 12(b)(6). See *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). A plaintiff cannot evade dismissal by failing to attach a document to the complaint that proves the claim "has no merit." *Id.* (cleaned up). Nevertheless, the Court counsels the government not to raise affirmative defenses using this procedure, even if the plaintiff does

not raise this procedural issue in response. *Id.* at 690 n.1.

[3] Further, she was on notice, at least from the filing of the government's briefs regarding the initial motion to dismiss, that her suit had not complied with the requirements of administrative exhaustion and was liable to be dismissed on that basis alone. She was also on notice even earlier—from her receipt of the right-to-sue notice—that she had 90 days to commence a timely suit in the district court.